UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOMERO CANALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-171 |
| | § | |
| JIM WELLS COUNTY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is "Defendants' Motion to Dismiss and for Judgment on the Pleadings" (D.E. 7).  For the reasons set out below, the Motion is DENIED.

### A. Defendants are Not Entitled to Judgment on the Pleadings Under GERA.

Defendants claim in part that they are entitled to judgment under Fed. R. Civ. P. 12(b)(1), and 12(c) because, pursuant to the face of the pleadings, this Court does not have jurisdiction over the Plaintiff's claims under the Americans with Disabilities Act (ADA) or Family Medical Leave Act (FMLA).   According to Defendants, Plaintiff is not an "employee" with the right to sue in this Court because he was hired as a member of an elected official's "personal staff" and thus his rights and remedies are determined by the Government Employee Rights Act of 1991 (GERA), 42 U.S.C. 2000e-16a, -16b, and -16c.  Such a plaintiff can only raise his complaint in the EEOC, with right of appeal directly to the Fifth Circuit Court of Appeals—a procedure that bypasses this Court.  28 U.S.C. § 2344.

The question presented is whether Plaintiff's job as an Assistant District Attorney qualifies him for treatment as a member of the elected District Attorney's "personal staff." The Court is asked to render a determination on the pleadings without benefit of any evidence. Defendants thus seek a *Twombly/Iqbal* determination that Plaintiff's allegations inescapably commit Plaintiff to status as a "personal staff" member.

In a widely followed opinion, the Fifth Circuit addressed the status of an assistant district attorney, articulating a non-exhaustive 6-part test for determining whether such an employee is a "personal staff" member:

> These factors include: (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985).[1]

*Teneyuca* was a summary judgment case and the Fifth Circuit found that several of the listed factors were statutorily determined. However, it further described the question as being fact-intensive in a context in which the "personal staff" provision is to be narrowly construed. *Id.* at 152. According to the legislative history,

---

[1]   While *Teneyuca* is a gender discrimination case, its evaluation of the "personal staff" provision is equally applied to ADA and FMLA cases. *Rutland v. Pepper*, 404 F.3d 921, 923 (5th Cir. 2005).

the provision was intended to apply to employees who are "first line advisors" and "those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official." *Id.*

Ultimately, the Fifth Circuit found that the plaintiff assistant district attorney was a member of the "personal staff" of the district attorney, but cautioned that its decision was based in large part on the plaintiff's failure to controvert the summary judgment evidence that the district attorney had provided.

> This is not to say that as a matter of law a plaintiff could never demonstrate that material facts exist such that summary judgment would be inappropriate in another similar case against this or another similar defendant. This Court holds only that in this case Teneyuca failed to demonstrate the presence of material factual issues so as to defeat the defendants' motion for summary judgment.

*Teneyuca,* at 153. Following *Teneyuca,* the Fifth Circuit also found an investigator for a district attorney to be a member of the "personal staff." *Gunaca v. State of Texas*, 65 F.3d 467 (5th Cir. 1995). Again, however, the Fifth Circuit emphasized that the question was highly factual, presented in summary judgment procedure, and the decision made was based on the specific evidence of record. *Id*. at 472-73.

Here, there is no such summary judgment evidence and thus no duty to produce controverting evidence. Construing the allegations in the Amended Complaint (D.E. 8)[2] as true in favor of the Plaintiff/non-movant,[3] the following factual representations are noteworthy:

---

[2]  Plaintiff's Amended Complaint was filed as a matter of right after the case was removed and the Defendants' motion was filed. Fed. R. Civ. P. 15.

- "Plaintiff only spoke with Armando Barrera on a few occasions each week, in passing . . . ." D.E. 8, p. 2.

- Plaintiff "generally spent his time working his case load alongside the legal secretaries and investigators assigned to his case load." Id.

- Barrera said to Plaintiff " 'It wouldn't be fair to the other lawyers to do their job plus yours too.' " Id., p. 3.

- "Plaintiff called Mr. Barrera numerous times but Mr. Barrera claimed he was either not available or Mr. Barrera simply did not return his phone calls." Id., p. 4.

- "Plaintiff called the office on an almost daily basis to check on his cases and give directions about what to do on the cases. Plaintiff spoke with staff daily and continued to be informed of the developments on his cases." Id.

- "Plaintiff would make notes in the files to provide the secretaries a clear understanding of what was needed for each file that he was working on that day." Id., p. 5.

These allegations paint a picture of a large office in which the Plaintiff was one of many attorneys working without immediate or frequent access to the elected official, handling their own caseloads.

As explained in *Gunaca*, the fourth *Teneyuca* factor is concerned with the elected official's day-to-day supervision of the employee rather than ultimate control over the position (the latter being covered by the second factor). *Gunaca, supra* at 472. The Plaintiff's allegations here support the conclusion that the elected official does not exercise a considerable amount of control over the position. Thus the fourth *Teneyuca* factor favors the Plaintiff.

---

[3] *Ashcorft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

With respect to the fifth factor, rank is more important in a large office. *Guanaca, supra* at 472-73.  While the Complaint does not go into the supervisory structure of the district attorney's office, it is clear that the Plaintiff is one of many lawyers in a large office and that he interacts primarily with secretaries and simply works on his cases.  There is no indication that he is supervising other lawyers, for instance.  Thus the level of his position within the organization's chain of command is not high.  The fifth factor weighs in the Plaintiff's favor.

According to the Complaint, there is no actual intimacy in the working relationship between the elected official and the Plaintiff.  Plaintiff is not consulted and, in fact, has difficulty getting the ear of his elected official to address whether or not he may even show up for work.  As with the fifth factor, it is harder to find that one employee among many in a large office is a first line advisor with an intimate working relationship with the elected official.  *Montgomery v. Brookshire*, 34 F.3d 291, 297 (5th Cir. 1994).  This is significant in that the pleading nearly eliminates the Defendants' ability to rely on the sixth *Teneyuca* factor.

While the first three *Teneyuca* factors that involve the statutory employment relationship[4] favor the Defendant, the Plaintiff has alleged facts on which he could prevail with respect to the last three factors.  Some evidence on these three factors was enough for the Fifth Circuit to reverse a summary judgment that had been granted to the defense in *Montgomery*.  Thus, the Court concludes that the Complaint raises sufficient disputed issues of material fact that Defendants are not entitled to judgment

_____

[4]  See generally, D.E. 7, p. 5.

on the pleadings based on the argument that Plaintiff was a member of the District Attorney's "personal staff," with rights and remedies only through GERA.

With respect to the claim that this Court does not have subject matter jurisdiction over the Plaintiff's ADA and FMLA claims because of the application of GERA to members of the "personal staff" of elected officials, the Motion is DENIED. To the extent that Defendants seek an order that Title II of the ADA does not provide an alternative cause of action around the terms of GERA, the Motion is DENIED as moot.

### B. Defendant Barrera is Not Entitled to Dismissal Because He is Sued in His Official Capacity.

Defendant Barrera seeks judgment on the pleadings with respect to Plaintiff's claims against him, stating that he was not Plaintiff's employer and the ADA does not permit assessment of liability against individuals who are merely supervisors and not employers.  D.E. 7, p. 13.  According to the Complaint, Plaintiff sued Barrera "in his official capacity as the District Attorney of Jim Wells County, Texas . . . ."  D.E. 8, p. 2.  Barrera has not been sued individually or as "just" a supervisor or co-worker.

According to Tex. Gov't Code § 41.102, a district attorney, as a "prosecuting attorney," is authorized to "employ" assistant prosecuting attorneys.  The prosecuting attorney is the employer to the extent that all assistant prosecuting attorneys "are subject to removal at the will of the prosecuting attorney."  Tex. Gov't Code § 41.105. Under Texas law, Barrera, in his official capacity, was Plaintiff's employer.  Thus, the Defendants are entitled to no comfort from the holding in *Roman-Olivaras v Puerto*

*Rico Elec. Power Auth*., 655 F.3d 43 (1st Cir. 2011).  That opinion is careful to state

that the ADA does not provide for liability against "individuals *who are not*

*themselves employers*." *Id*. at 45 (emphasis added).

> Under the ADA,
>
>> The term "employer" means a person engaged in an industry
>> affecting commerce who has 15 or more employees for each
>> working day in each of 20 or more calendar weeks in the
>> current or preceding calendar year, and any agent of such
>> person . . . .

42 U.S.C. § 12111(5)(A).  The United States is specifically excepted from this

definition.  *Id*., § (5)(B).  There is no similar exception for States or their political

subdivisions.  While there may be other defenses available to States and their political

subdivisions, the Court is mindful that this case is presented as a motion for judgment

on the pleadings and is not a motion for summary judgment on any affirmative

defense.  Defendant Barrera is not entitled to judgment on the pleadings as an

improper individual defendant and the Motion in that regard is DENIED.

### C.  Qualified Immunity Does Not Apply.

Barrera further seeks dismissal from this case under principles of qualified

immunity.  The qualified immunity defense is only applicable to claims of individual

liability.  *E.g., Sanders-Burns v. City Of Plano*, 594 F.3d 366, 371 (5th Cir. 2010).  As

noted above, Plaintiff has sued Barrera only in his official capacity.  Thus the

qualified immunity defense does not apply and Defendants' Motion on that basis is

DENIED.

7 / 8

**D.  Conclusion**

For the reasons set out above, the "Defendants' Motion to Dismiss and for Judgment on the Pleadings" (D.E. 7) is DENIED in its entirety.

ORDERED this 8th day of August, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE