UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HOMERO CANALES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-00171 |
| § | |
| JIM WELLS COUNTY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is "Defendant, State of Texas' Motion to Dismiss" (D.E. 22). For the reasons set out below, the Motion is GRANTED.

According to Plaintiff's First Amended Complaint (D.E. 8), Plaintiff Homero Canales (Canales), an Assistant District Attorney, suffered from cancer and took time off of work for treatment. At the conclusion of his treatment, his doctor released him to return to work. The District Attorney, Armando Barrera (Barrera), refused to allow him to return to work and "dismissed" him. Canales brought suit against Jim Wells County (County) and Barrera for alleged violations of the Americans With Disabilities Act (ADA) and the Family Medical Leave Act (FMLA). Canales seeks damages and permanent injunctive relief, restoring him to his position as Assistant District Attorney.

On September 21, 2012, Defendant County sought joinder of the State of Texas (State), arguing that it was unclear whether Barrera's official capacity (the only capacity in which he was sued) implicated the State or the County. D.E. 18.

The Court granted that joinder and the State filed the subject Rule 12(b) Motion to Dismiss.  D.E. 22.

Without addressing whether the State or the County is the official employer of Barrera, the State argues that it is entitled to Eleventh Amendment immunity from claims for both damages and injunctive relief.  D.E. 22.  Canales does not oppose the motion, arguing that he did not make claims against the State prior to its joinder and is not making such claims now.  D.E. 24.

The County, in the form of its own Motion for Judgment on the Pleadings (D.E. 25), which it denominates as also being its Response to the State's Motion to Dismiss, concedes that the State is entitled to Eleventh Amendment immunity on the damages claims.  However, with respect to the request for injunctive relief, the County argues that the State should be compelled to remain in the suit and defend as the real party in interest because the State, rather than the County, is Barrera's actual employer.

The County does not provide any argument or authorities for its position. Instead, the County is generally dismissive of the claim for injunctive relief, stating that the request will soon be moot because Barrera will no longer be the District Attorney as of January 1, 2013, which pre-dates the trial setting in this case. D.E. 16.  This response does not overcome the State's Eleventh Amendment defense.

For these reasons, the "Defendant, State of Texas' Motion to Dismiss" (D.E. 22) is GRANTED and the State of Texas is DISMISSED from this action.

The County's Motion for Judgment on the Pleadings (D.E. 25), with respect to any claims for affirmative relief, remains pending pursuant to the Local Rules with a submission date of January 2, 2013.

ORDERED this 13th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE