UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOMERO CANALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-171 |
| | § | |
| JIM WELLS COUNTY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff, Homero Canales (Canales), is a former Assistant District Attorney who served under District Attorney, Armando Barrera (Barrera). Canales has sued Barrera and Jim Wells County, alleging violations of the Americans with Disabilities Act (ADA) and Family Medical Leave Act (FMLA), seeking damages and injunctive relief requiring reinstatement to his former position as Assistant District Attorney. The Defendants have filed a Motion for Judgment on the Pleadings, arguing that Barrera is a state officer precluding any damages claims and that the request for injunctive relief is moot because Barrera is no longer the District Attorney. D.E. 25.

### A. Procedural Motions

While this suit has been pending, Barrera lost his bid for re-election to Carlos Garcia (Garcia) and, as of January 1, 2013, is no longer the District Attorney. Canales has filed his "Motion to Substitute the Name of Carlos Garcia in Place of Armando Barrera Pursuant to Rule 17(d)" (D.E. 30). In response, Jim Wells County concedes that

Garcia is automatically substituted for Barrera as a matter of law pursuant to Fed. R. Civ. P. 25(d).  D.E. 31.  Therefore, the Court GRANTS the Motion to Substitute (D.E. 30).

Also pending is "Defendants Jim Wells County's Opposed Motion for Leave to File a Reply in Support of its Motion for Judgment on the Pleadings" (D.E. 28).  By Order of January 9, 2013 (D.E. 29), the Court required Canales to file any response to that motion on or before January 15, 2013.  On January 15, 2013, Canales filed "Plaintiff's Reply to Defendant's Response to Plaintiff's Response to Motion to Dismiss With Authorities" (D.E. 32), which does not address the issue of whether Jim Wells County should be granted leave to file its Reply.  Therefore, after reviewing the motion, the Court finds that it is well-taken and GRANTS the Motion for Leave (D.E. 28).

On January 16, 2013, the County filed its "Motion for Leave to File Supplemental Reply in Support of Motion for Judgment on the Pleadings" (D.E. 33).  That motion is unopposed and is GRANTED.

### B. The Motion for Judgment on the Pleadings.

For the reasons set out below, the County's Motion for Judgment on the Pleadings (D.E. 25) is DENIED.

#### 1. Claim for Damages.

The County asserts that Canales has no claim for damages against it because the District Attorney, now Garcia, is a state official rather than a county official.  As a consequence, any damages claim would be a claim against the State of Texas, which is barred by the Eleventh Amendment.  This Court has previously dismissed the state from this case on the basis of its Eleventh Amendment immunity.  D.E. 26.

2 / 7

However, that previous dismissal of the State of Texas did not require, and the Court did not make, a decision on whether the District Attorney was in fact acting as a state official and not a county official for the purposes of this case. There is precedent for treating a District Attorney as a state official with respect to prosecutorial functions,[1] but as a county official with respect to employment functions.[2] Only employment functions are relevant here and the County has not addressed this aspect of the law. Thus this Court cannot rule out the potential for a damages claim against the County based upon the District Attorney's official status.

In its Reply Brief, the County argues that the evidence that Canales submitted with his Response (D.E. 27) does not establish that the County was the "employer," as that question is determined by the "economic realities/common law control" test. D.E. 28-1, pp. 1-2. The County relies on *Bloom v. Bexar County*, 130 F.3d 722, 725-26 (5th Cir. 1997) and *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985). *Bloom* involved a court reporter whose employment was controlled by the district judge, who was held to be a state official for that purpose. The county's role in paying the court reporter was deemed "ministerial." In *Mares*, a bagger at the commissary was held not to be an Army employee. Neither case addresses the employment relationship of assistant district

---

[1] *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997) (holding that a district attorney acted as a state official in using peremptory challenges during jury selection); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (holding that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) (holding that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law).

[2] *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001) (*Monell* liability for county arises from a district attorney's hiring and firing policies). *See also, Crane v. Texas*, 766 F.2d 193 (5th Cir.1985) (holding that Texas district attorney acted as county official in setting county policy for the authorization of misdemeanor warrants).

attorneys. Those cases do, however, support a determination that a fact question has been raised and the County is not, as a matter of law, Canales' employer.

The County's motion seeks dismissal of this claim on the pleadings under Fed. R. Civ. P. 12(c) when a fact issue is involved. The County has not submitted evidence on the economic realities/common law control test and the Court declines to treat this as a summary judgment motion. Thus the County is not entitled to a judgment dismissing this action on the basis that the allegations that Canales has brought assert claims against the District Attorney rather than the County—or that there is a practical difference between them regarding employment decisions.

Canales' First Amended Complaint (D.E. 8) is couched in terms of the District Attorney acting on behalf of the County as a county officer, which is within the realm of decisions in prior case law. Thus the motion for judgment on the pleadings is DENIED to the extent that it seeks dismissal of the damages claim against the County.

### 2. Injunctive Relief.

The County also relies on the "state official" argument with respect to the request for judgment on the pleadings dismissing the claim for injunctive relief. As set out above, that argument is insufficient to support a dismissal on the pleadings.[3] However, the County also claims that the request for injunctive relief is moot because the alleged conduct was personal to Barrera and did not survive the electoral change that took effect January 1, 2013, by which Garcia assumed the office of District Attorney.

---

[3] While Canales has briefed an exception to Eleventh Amendment immunity for injunctive relief against the state (D.E. 27), he previously represented to this Court that he has no claim for relief against the state and asked that the state be dismissed as a party to this case. D.E. 24, p. 2.

4 / 7

The County relies on *Spomer v. Littleton*, 414 U.S. 514, 521-23, 94 S.Ct. 685 (1974) and *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 622-23, 94 S.Ct. 1323 (1974).  In *Spomer*, residents of the city sued the state's attorney and others alleging discriminatory enforcement of the criminal laws.  During the pendency of the case, a new state's attorney was elected.  The plaintiffs had not sought to substitute the new state's attorney and did not have any claims for relief pending against him.  The Supreme Court remanded for a determination of whether the plaintiffs wanted to make that substitution and bring those claims. *Spomer, supra* 414 U.S. at 522,  94 S.Ct. 689-90.  This is not a holding that no such claims survived the election.

In *Mayor of Philadelphia*, the plaintiffs alleged that the mayor had made discriminatory use of his appointment power in connection with filling school board vacancies.  The District Court entered an order for injunctive relief regarding future appointments.  While the case was pending on appeal, the mayor lost the ensuing election and left office.  The Court of Appeals held that the injunctive relief applied to the successor mayor.  The Supreme Court reversed, holding that there was no evidence on which to base a conclusion that the discriminatory policies of the predecessor administration would be carried through in the successor administration.  In doing so, the Court indicated that such prospective relief might be had if there were evidence that the successor administration might continue the discrimination, for instance by continuing to employ the same staff with power over the appointments.  *Mayor of Philadelphia*, *supra* 415 U.S. at 622-23, 94 S.Ct. at 1334.

Canales has offered four cases for consideration: *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356 (1974); *Warnock v. Pecos County*, 88 F.3d 341 (5th Cir. 1996); and *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). Each of these cases addresses the availability of equitable relief such as a prospective injunction against state officials as an exception to the Eleventh Amendment immunity available to the state. The County has not questioned that issue. The issue is whether injunctive relief triggered by the conduct of one official can be ordered against his successor in office.

Because the County has not demonstrated that prospective relief against a successor is prohibited under the law, it has not sustained its burden of proof with respect to its Motion for Judgment on the Pleadings regarding injunctive relief. The Court DENIES the motion on that basis.

C. Conclusion

For the reasons set out above, the Court

- GRANTS the Plaintiff's Motion to Substitute (D.E. 30);
- GRANTS the County's First Motion for Leave (D.E. 28);
- GRANTS the County's Second Motion for Leave (D.E. 33);
- INSTRUCTS the Clerk to file the Reply (D.E. 28-1) and the Supplemental Reply (D.E. 33-1) as independent documents on the docket of this case; and

- DENIES the County's Motion for Judgment on the Pleadings (D.E. 25) in its entirety.

ORDERED this 22nd day of January, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE